Michael D. Green, Esq. (SBN 214142)
Scott R. Montgomery, Esq. (SBN 278060)
**ABBEY, WEITZENBERG, WARREN & EMERY, P.C.**
100 Stony Point Road, Suite 200
P.O. Box 1566
Santa Rosa, CA 95402-1566
Telephone: 707-542-5050
Facsimile:  707-542-2589
mgreen@abbeylaw.com
smontgomery@abbeylaw.com

Attorneys for Yulupa Co-Housing Owners Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YULUPA CO-HOUSING OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC., OLD REPUBLIC GENERAL INSURANCE CORPORATION, GALLAGHER BASSET SERVICES, INC., and DOES 1-100,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, ENFORCEMENT OF JUDGMENT UNDER INSURANCE CODE SECTION 11580, AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

### THE PARTIES

1.     Plaintiff Yulupa Co-Housing Owners Association (hereinafter "Plaintiff") is, and at all relevant times was, a California non-profit corporation licensed to do business in the County of Sonoma, State of California, with its principal place of business in Santa Rosa, CA.

2.     Plaintiff is informed and believes and thereon alleges that at all material times defendant Virginia Surety Company, Inc. is and was an Illinois corporation with its principal place of business in Chicago, Illinois.

3.     Plaintiff is informed and believes and thereon alleges that at all material times defendant Old Republic General Insurance Corporation is and was an Illinois corporation with its

-1-

**COMPLAINT FOR DAMAGES**

principal place of business in Greensburg, Pennsylvania.

4. Plaintiff is informed and believes and thereon alleges that at all material times defendant Gallagher Basset Services Inc. is and was a Delaware corporation with its principal place of business in Itasca, Illinois.

5. Plaintiff is informed and believes and thereon alleges that at all material times defendants Virginia Surety Company, Inc., Old Republic General Insurance Corporation, and DOES 1-100, were each insurers authorized to issue and deliver policies of liability insurance in the State of California and regularly issued and delivered policies of insurance in the State of California.

6. Defendants Virginia Surety Company, Inc., Old Republic General Insurance Corporation, Gallagher Basset Services, Inc., and DOES 1-100, are corporations, businesses, or other entities engaged in the business of insurance, including but not limited to, issuance of policies, claims administration, claims adjusting, claims handling, and providing insurance coverage in the State of California.  Each of these defendants were authorized and directed to perform one or more insurance related functions by each of the other defendants.  Some of the employees of one company work for, perform functions for, direct, and control the other companies.

7. Defendants Virginia Surety Company, Inc., Old Republic General Insurance Corporation, Gallagher Basset Services, Inc., and DOES 1-100 will be collectively referred to hereinafter as the "Insurance Defendants" and use of the term "Insurance Defendants" is intended to include all named defendants in this action and Does 1-100 unless the context of the sentence or the cause of action indicates otherwise.

8. Each of the Insurance Defendants named herein were acting as the agent, servant, employee, alter-ego, co-conspirator, partner, parent, subsidiary, co-obligator, assignee, and/or joint tortfeasor with each of the other Insurance Defendants.  Each of the Insurance Defendants authorized, ratified, approved, and/or planned the actions and/or lack of action of the other Insurance Defendants.  All things alleged herein to have been done by Insurance Defendants or their agents or employees were done in the course and scope of said agency or employment, with

-2-

COMPLAINT FOR DAMAGES

the necessary authority, and were ratified and approved by each of the Insurance Defendants. Each of the Insurance Defendants was the alter-ego of the other Insurance Defendants. Each Insurance Defendant is in some manner legally responsible for the acts of each of the other Insurance Defendants and is therefore responsible for the injuries and damages alleged in the complaint.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 United States Code Section 1332. Plaintiff and the Insurance Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10. The claims alleged herein arose in the Northern District of California and Plaintiff resides in this district.

## FACTUAL BACKGROUND/GENERAL ALLEGATIONS

11. On April 25, 2012 Plaintiff sued Midstate Construction Corporation and RJN Construction Inc. ("Contractors"), and others, in Sonoma County Superior Court in the action known as *Yulupa Co-Housing Owners Association v. 1350 Yulupa, Inc., et al., SCV 251171* (hereinafter the "Construction Defect Action"). In the Construction Defect Action Plaintiff alleged that the Contractors had negligently constructed residential condominiums and related buildings located at 1350 Yulupa Avenue, Santa Rosa, CA and that said negligence by Contractors had resulted in extensive physical damage at the property.

12. Insurance Defendants issued policies of insurance to Contractors, which covered the claims made by Plaintiff in the Construction Defect Action, as follows (including, but not limited to, by policy number and effective dates):

- 1CG50217600 (Eff. December 15, 2005 to December 15, 2006);
- 1CG50217601 (Eff. December 15, 2006 to December 15, 2007);
- A1CG52930702 (Eff. December 15, 2007 to December 15, 2008); and
- A1CG52930803 (Eff. December 15, 2008 to December 15, 2009).

Additionally, Insurance Defendants issued corresponding excess insurance policies for the above-listed years which covered the claims made by Plaintiff in the Construction Defect

COMPLAINT FOR DAMAGES

Action.

13. Contractors timely tendered the Construction Defect Action to the Insurance Defendants seeking defense and indemnity.

14. Insurance coverage for the Construction Defect Action existed as the allegations in the Construction Defect Action constituted an "occurrence" resulting in "property damage" as defined by the insurance policies issued by Insurance Defendants. Coverage under the insurance policies was acknowledged by the Insurance Defendants in correspondence dated November 27, 2012, responding to the tender of the Construction Defect Action, wherein the Insurance Defendants noted: "[w]hile 'bodily injury' is not being alleged in this matter, the insuring agreement would be triggered by an 'occurrence' and 'property damage' as defined."

15. Despite the fact that coverage for the Construction Defect Action existed under the insurance policies issued by Insurance Defendants, and Insurance Defendants acknowledged same in November 27, 2012 correspondence, Insurance Defendants failed and refused to defend and indemnify Contractors based solely on an inapplicable exclusion as follows:

> TOTAL O.C.I.P. AND C.C.I.P- WRAP UP EXCLUSION
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
> The policies do not apply to losses or claims arising out of "your work" under any Owner Controlled Insurance Program (O.C.I.P.) or Contractor Controlled Insurance Program (C.C.I.P.), otherwise referred to as Wrap Up Program, into which you enter.

16. The Contractors did not enter into any "Wrap Up Program" with respect to the facts and circumstances alleged in the Construction Defect Action. The exclusion relied on by Insurance Defendants is inapplicable. Insurance Defendants failed and refused to conduct a prompt, full, and complete investigation of the facts and circumstances regarding coverage and, instead, relied on an inapplicable exclusion, with an absence of facts, to deny defense and indemnity to Contractors.

17. Without adequate insurance to cover the damages at-issue in the Construction Defect Action, and with the Insurance Defendants refusing to provide defense and indemnity based on an inapplicable exclusion despite proper tender, Contractors agreed to submit the case to binding arbitration and assigned their rights against Insurance Defendants to Plaintiff. As

COMPLAINT FOR DAMAGES

consideration for the assignment of rights Plaintiff and Contractors subsequently entered into a covenant not to execute against the Contractors' personal assets. Thereafter binding arbitration took place wherein extensive evidence was presented and considered by the arbitrator including, but not limited to, expert witness testimony as to the scope of the defects, damages, and standard of care at-issue in the Construction Defect Action. The arbitrator made detailed findings and issued an award of $1,664,975.40 in favor of Plaintiff and against Contractors, jointly and severally, on October 2, 2014. On November 26, 2014 the Sonoma County Superior Court confirmed the arbitration award and entered judgment in the amount of $1,664,975.40, plus interest at the legal rate beginning on October 2, 2014 (hereinafter "Judgment"), jointly and severally against the Contractors. As of the present date the Judgment remains unsatisfied.

18. In addition to Plaintiff being a proper plaintiff in this action as the assignee of all rights of Contractors with respect to the Contractors claims against the Insurance Defendants Plaintiff is entitled to enforce the Judgment directly against the Insurance Defendants under California Insurance Code section 11580 as Plaintiff is a judgment creditor on an unsatisfied judgment for which the insurance policies at-issue provide coverage.

**FIRST CAUSE OF ACTION**
**Breach of Insurance Contract**
[Against All Defendants and Does 1-100]

19. Plaintiff incorporates by reference all the preceding allegations and paragraphs as though fully set forth herein.

20. Plaintiff is an assignee of all rights of the Contractors against the Insurance Defendants.

21. Insurance Defendants issued policies of insurance which provided coverage for the Contractors with respect to the claims asserted against them by Plaintiff in the Construction Defect Action. The essential terms of the policies required Insurance Defendants to provide a defense and indemnity to the Contractors in the Construction Defect Action. No exclusions, limitations, or restrictions barred or limited Insurance Defendants' obligations to provide defense and indemnity to the Contractors in the Construction Defect Action.

22. At all relevant times all the necessary terms and conditions of the insurance

-5-

COMPLAINT FOR DAMAGES

1  policies at-issue were complied with by the Contractors.

2      23.    Contractors timely demanded that Insurance Defendants abide by the obligations
3  under the insurance contracts at-issue, and provide defense and indemnity, but the Insurance
4  Defendants failed and refused to do so.

5      24.    Insurance Defendants breached obligations to Contractors, under the insurance
6  policies, in the following ways (including but not limited to):

7      A.    By failing to conduct a prompt, full, and complete investigation of the claims
8  which were alleged in the pleadings filed in the Construction Defect Action;

9      B.    By failing to settle the Construction Defect Action and failing to pay the full
10 amount owed on the settlement and/or judgment;

11     C.    By failing to provide Contractors a defense and defense counsel in the
12 Construction Defect Action for claims which were covered or potentially covered by the CGL
13 policies;

14     D.    By failing to indemnify Contractors for any losses they suffered and/or any
15 payments, damages, and/or judgments to which they were subjected;

16     E.    By failing to protect Contractors' interests, by refusing to settle for the policy
17 limits when such settlement was possible, and by failing to properly advise Contractors of their
18 rights;

19     F.    By acting unreasonably with respect to Contractors and their respective interests
20 in breach of the covenant of good faith and fair dealing;

21     G.    By failing to promptly respond to communications with respect to the claim;

22     H.    By misrepresenting that an exclusion barred coverage for the Construction Defect
23 Action when, in fact, said exclusion did not bar coverage.

24     25.    Insurance Defendants, through their actions and/or inactions, have waived and are
25 estopped from denying coverage or relying on any subsequently discovered information to
26 support their previous rejection of the Contractors' tender in the Construction Defect Action.

27     26.    As a result of the failures and refusals of Insurance Defendants, and each of them,
28 as described above, Insurance Defendants waived any obligation of Contractors to cooperate

-6-

COMPLAINT FOR DAMAGES

1 with them.

2     27. As a direct and proximate result of the Insurance Defendants breaches of contract on November 26, 2014 the Sonoma County Superior Court entered judgment in the amount of $1,664,975.40, plus interest at the legal rate beginning on October 2, 2014, jointly and severally against Contractors. As of the present date the Judgment remains unsatisfied.

    28. As a direct and legal consequence of the Insurance Defendants breaches of contract the Contractors suffered damages including, but not limited to, loss of contract benefits, a Judgment entered against them, loss of interest, attorney's fees (including fees to provide a defense in the underlying action and attorney's fees incurred in the present action), and other consequential damages. Plaintiff now seeks to recover said damages pursuant to, and by virtue of, the assignment of all rights Plaintiff received from the Contractors discussed above.

## SECOND CAUSE OF ACTION
### California Insurance Code Section 11580
[Against All Defendants and Does 1-100]

    29. Plaintiff incorporates by reference all the preceding allegations and paragraphs as though fully set forth herein.

    30. Plaintiff obtained the Judgment against the Contractors in the Construction Defect Action.

    31. The Judgment is covered under the policies of insurance issued by the Insurance Defendants.

    32. No exclusions, conditions, or provisions of law permitted or allowed Insurance Defendants to avoid their obligation to pay the Judgment and the full amount of their policy limit under the policies.

    33. Insurance Defendants waived, are estopped, and are otherwise barred from refusing to pay the Judgment. Insurance Defendants have paid nothing towards the Judgment as of the present date.

    34. California Insurance Code section 11580 provides that policies of insurance shall contain within them a provision that when a judgment is secured against an insured based upon bodily injury, death, or property damage, an action may be brought against the insurer on the

-7-

COMPLAINT FOR DAMAGES

policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment.

35. Plaintiff now seeks to recover the full amount of the Judgment entered in the Construction Defect Action, plus interest, attorney's fees, and any other consequential damages from the Insurance Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION
**Breach Of Implied Covenant Of Good Faith And Fair Dealing**
[Against All Defendants and Does 1-100]

36. Plaintiff incorporates by reference all the preceding allegations and paragraphs as though fully set forth herein.

37. Plaintiff is an assignee of all rights of the Contractors against the Insurance Defendants.

38. Insurance Defendants issued policies of insurance which provided coverage for the Contractors with respect to the claims asserted against them by Plaintiff in the Construction Defect Action. The essential terms of the policies required Insurance Defendants to provide a defense and indemnity to the Contractors in the Construction Defect Action. No exclusions, limitations, or restrictions barred or limited Insurance Defendants' obligations to provide defense and indemnity to the Contractors in the Construction Defect Action.

39. At all relevant times all the necessary terms and conditions of the insurance policies at-issue were complied with by the Contractors.

40. Contractors timely demanded that Insurance Defendants abide by the obligations under the insurance contracts at-issue, and provide defense and indemnity, but the Insurance Defendants failed and refused to do so.

41. Insurance Defendants unreasonably and tortuously breached the implied covenant of good faith and fair dealing they owed to Contractors. As described above, Insurance Defendants breached the implied covenant of good faith and fair dealing by, inter alia, acting unreasonably; declining coverage without cause; failing to respond to Contractors communications with them in a timely manner; acting unreasonably in the handling of the tender of the Construction Defect Action; unreasonably failing to defend Contractors in the

-8-

COMPLAINT FOR DAMAGES

Construction Defect Action; unreasonably refusing to pay any amount of the settlement or judgment in the Construction Defect Action; improperly, unfairly, and unreasonably evaluating the coverage and obligations at issue; unreasonably refusing to settle the case; failing to follow standards for investigating and evaluating claims imposed by the law, the Insurance Code and/or the Department of Insurance regulations; adopting narrow, strained, deceptive, and unreasonable interpretations of the insurance policy inconsistent with the law, their own prior interpretations of the policies, and the practice within the insurance industry, in an effort to deny benefits due under the policies at-issue; unreasonably refusing to consider or distinguish authority contrary to their position on coverage and exclusion provisions; violating the provisions of Insurance Code §790.03(h); withholding benefits due when Insurance Defendants knew, or should have known, Contractors were entitled to those benefits; failing to thoroughly and properly investigate the claims in the Construction Defect Action; placing Insurance Defendants' interests ahead of the interests of Contractors; misrepresenting and misconstruing rights under the insurance policies and the terms and provisions of the such policies; attempting to mislead Contractors in order to prevent them from recovering all benefits due under the insurance policies; frustrating the reasonable expectations of Contractors by providing illusory and deceptive coverage; and performing additional acts of unfair, unreasonable, and bad faith conduct, to be proven at trial.

42. Insurance Defendants conduct resulted in the unreasonable denial of benefits due to Contractors. As a result of Insurance Defendants actions Contractors were obligated to retain and pay for a defense and have the Judgment entered against them.

43. As a direct result of Insurance Defendants unreasonable and bad faith conduct, Contractors suffered damages including, but not limited to, the damages alleged above in the preceding causes of action, the Judgment, attorney's fees and costs incurred in the present action and in the Construction Defect Action, additional expenses, interest, and other consequential damages, and additional and further amounts to be proven at trial.

44. Plaintiff is informed and believes Insurance Defendants refused to provide coverage and defense and indemnity in order to avoid paying Contractors' defense costs, eliminate any exposure to a potential settlement or judgment in the Construction Defect Action,

COMPLAINT FOR DAMAGES

and earn interest on the money that should have been used for the Contractors' benefit. In addition Insurance Defendants knowingly and consciously ignored Contractors' rights and Defendants did these acts intentionally, maliciously, and as part of a business practice designed to unfairly maximize Insurance Defendants' profits to the detriment of the Contractors.

45. In doing the acts set forth above Insurance Defendants acted maliciously, oppressively, fraudulently, and in knowing and conscious disregard of Contractors' rights thereby justifying an award of punitive damages in a sum adequate to punish them for such conduct and to deter such conduct in the future.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Special damages according to proof;

2. General and consequential damages according to proof;

3. Attorney's fees and litigation expenses (incurred in the present action and incurred in the Construction Defect Action) in an amount according to proof;

4. Punitive damages in a sum to be determined by judge or jury;

5. Interest on all damages including, but not limited to, interest under Civil Code §§3287 and 3288;

6. Costs of suit herein incurred; and

7. Such other and further relief as the Court may deem proper.

Dated: March 2, 2015  ABBEY, WEITZENBERG, WARREN & EMERY

By: /s/ Michael D. Green
Michael D. Green, Esq.
Scott R. Montgomery, Esq.
Attorneys for Plaintiff Yulupa Co-Housing Owners Association

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED: March 2, 2015                    ABBEY, WEITZENBERG, WARREN & EMERY

By: ___/s/Michael Green_____
Michael D. Green, Esq.
Scott R. Montgomery, Esq.
Attorneys for Plaintiff Yulupa Co-Housing Owners Association

COMPLAINT FOR DAMAGES